ORDER FOR SUPPLEMENTAL BRIEFING
¶ 1 Oral argument was heard in this case on May 31, 2018. In light of the parties' evolving positions at oral argument, the Court has determined that supplemental briefing is needed regarding the following questions: Considering the present workers' compensation context, in which the Industrial Insurance Act(IIA) provides workers with "sure and certain" relief for injuries on the job, RCW 51.04.010; Department of Labor & Industries v. Lyons Enterprises Inc., 185 Wn.2d 721, 733, 374 P.3d 1097 (2016) (IIA's grand compromise provides workers with a swift, no-fault compensation system for injuries on the job), what is the legal significance of the governor's veto in this case? The parties should address what the language used in the veto means; how RCW 70.14.120(3) and .120(4) are to be applied in this case in light of the veto; and what remedy is available to Murray under RCW 70.14.120(3) and.120(4), in light of the Department of Labor and Industries' Medical Aid Rules (i.e., chapter 296-20 WAC, and regulations therein regarding medical coverage decisions - WAC 296-20-02700 through 296-20-02850), the IIA statutes providing for appeals (ch. 51.52 ROW), and any other relevant workers' compensation provisions concerning appeals of Department determinations and coverage decisions.
¶ 2 Now, therefore, it is hereby
¶ 3 ORDERED:
¶ 4 Counsel are directed to serve and file supplemental briefs addressing the above questions by June 28, 2018. The supplemental briefs should not exceed 10 pages in length.